UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**STEVE PERKINS (#84540)**                                **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN**                                          **NO. 15-0041-SDD-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 28, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**STEVE PERKINS (#84540)**                                    CIVIL ACTION

**VERSUS**

**N. BURL CAIN**                                              NO. 15-0041-SDD-EWD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the application of Petitioner Steve Perkins for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons that follow, Petitioner's application should be denied.  There is no need for oral argument or for an evidentiary hearing.

### I. Procedural History

In 1975, Petitioner was convicted of first degree murder and sentenced to death for the killing of Rita DeCuir during the commission of an armed robbery at a grocery store.  Petitioner was 17 years old at the time of commission of the offense.  Petitioner appealed and, in light of a then-recent decision of the United States Supreme Court concluding that the operative Louisiana homicide statute was unconstitutional, *see Roberts v. Louisiana*, 428 U.S. 325 (1976), the Louisiana Supreme Court affirmed Petitioner's conviction but concluded that his death sentence should be annulled and that he should be re-sentenced.  *State v. Perkins*, 343 So.2d 730 (La. 1977). In doing so, the Louisiana Supreme Court relied upon a recent decision of that Court in *State v. Jenkins*, 340 So.2d 157 (La. 1976), which had concluded that, in the absence of a valid death penalty statute, the petitioner should be sentenced to the next most severe penalty established by the legislature for criminal homicide at the time of the offense, *i.e.*, to "imprisonment at hard labor for life without eligibility for parole, probation or suspension of sentence for a period of twenty

years." Petitioner was thereafter re-sentenced as indicated on April 6, 1977.

In February 1989, Petitioner pursued post-conviction relief in the state trial court, asserting that his Sixth Amendment right to confrontation had been violated, that there was insufficient evidence to support the conviction, that he was provided with ineffective assistance of counsel, and that his sentence was not being carried out as indicated because, whereas his sentence seemingly provided for parole eligibility after 20 years, he had been informed that he would not be so eligible upon serving twenty years of his sentence. Petitioner's post-conviction relief application was thereafter denied in the state trial court on June 27, 1989, and his subsequent application for supervisory review before the Louisiana Supreme Court was also denied, without comment, on September 6, 1991. *See State ex rel. Perkins v. State*, 584 S.2d 671 (La. 1991). Petitioner thereafter filed a federal habeas corpus application before this Court in October 1991, which application was dismissed pursuant to Judgment entered in March 1992.

After the passage of approximately twenty years, on June 25, 2012, the United States Supreme Court decided the case of *Miller v. Alabama*, 567 U.S. 460 (2012), wherein it concluded that state sentencing schemes that involve "mandatory life-without-parole sentences for juveniles violate the Eighth Amendment." *Id*. at 470. Accordingly, in reliance upon the *Miller* decision, Petitioner then filed a Motion to Correct Illegal Sentence and Request for Resentencing Hearing in the state trial court. Petitioner's Motion, however, was denied by the state court on September 4, 2013, upon a finding that the *Miller* decision was not retroactive in application and that it was therefore unavailable to criminal defendants on collateral review of their convictions. The Louisiana Supreme Court thereafter denied supervisory review in connection with that determination on January 9, 2015. *See State ex rel. Perkins v. State*, 157 So.3d 590 (La. 2015), *citing State v. Tate*, 130 So.3d 829 (La. 2013).

Finally, on or about January 28, 2015, Petitioner filed the instant habeas corpus application in this Court, asserting that he is entitled to a new sentencing hearing that does not involve mandatory life without parole and that takes into account his youth at the time of commission of the offense in accordance with *Miller v. Alabama*.  Petitioner also asserted an unrelated claim that his constitutional rights have been violated in connection with the execution of his sentence because he was not provided with parole eligibility after serving twenty years thereof.  Inasmuch as Petitioner's application was a second or successive application within the meaning of 28 U.S.C. § 2244(b), this Court transferred Petitioner's application to the United States Court of Appeals for the Fifth Circuit in order for that Court to determine in the first instance whether Petitioner would be granted leave to pursue a second or successive application.  *See* R. Doc. 3.  Pursuant to a Ruling issued March 9, 2015, *see* R. Doc. 4, the Fifth Circuit concluded that Petitioner had "satisfied the minimal prima facie standard for filing a successive § 2254 application" and, referring only to Petitioner's *Miller* claim, granted Petitioner "tentative" authorization to proceed.  The Fifth Circuit Court noted, however, that the District Court "must dismiss Perkins's § 2254 application without reaching the merits, if it determines that Perkins has failed to satisfy the requirements for filing such an application."

Upon remand, this Court entered an Order on March 10, 2015 (R. Doc. 6), directing the State to respond to Petitioner's application.  On April 13, 2015, the State filed its Response (R. Doc. 10), wherein it asserted that Petitioner's claim should be rejected for the reason that the rule announced in *Miller v. Alabama, supra*, was not retroactively applicable to petitioners on collateral review of their convictions.  Notwithstanding, on January 25, 2016, the United States Supreme Court reached a contrary decision, concluding in *Montgomery v. Louisiana*, ___ U.S. ___, 136 S.Ct. 718 (2016), that the *Miller* decision "announced a substantive rule of constitutional law" that

is retroactive on state collateral review, abrogating the decision of the Louisiana Supreme Court in *State v. Tate, supra*. *See id.*, ___ U.S. at ___, 136 S.Ct. at 736. Accordingly, this Court entered a subsequent Order on October 18, 2017 (R. Doc. 13), directing the State to provide a supplemental memorandum "addressing the effect that the *Montgomery v. Louisiana* decision may have upon petitioner's claim asserted herein." The State has now complied with the Court's directive in this regard.

In responding to Petitioner's application, the State does not dispute that the decision in *Miller v. Alabama* is retroactive in application in light of *Montgomery v. Louisiana.* Notwithstanding, the State further contends that Petitioner's claim has since been rendered moot because Petitioner has effectively been statutorily re-sentenced by operation of recent amendments to Louisiana law such that he is now eligible for parole consideration in accordance with certain statutory requirements. The State notes that after the Supreme Court decision in *Montgomery*, Petitioner filed a new Motion to Correct Illegal Sentence in the state district court in March 2016 and that, with the assistance of counsel, he has been proceeding in state court in connection with that Motion. According to the State, Petitioner has, throughout 2017, been voluntarily continuing scheduled court dates while awaiting anticipated legislative enactments that were expected to modify Louisiana law so as to implement the retroactive effect of the *Miller* decision. Finally, with the enactment of certain statutory amendments in June 2017, the State contends that Petitioner has effectively been granted the relief requested herein, *i.e.*, a modification of his life-without-parole sentence such that he now has parole eligibility and no longer faces the specter of mandatory life imprisonment without any possibility whatever of release.

The State's contention appears to be correct. Specifically, effective in June 2017, the Louisiana legislature acted to amend La. Code Crim. P. art. 878.1 to provide that offenders who

were indicted for first or second degree murder prior to August 1, 2017, who were under the age of 18 at the time of commission of the offense charged, and who have not been provided with a specialized judicial hearing prior to August 1, 2017 are now statutorily eligible for parole, "without the need of a judicial determination," unless the district attorney has filed a timely notice of intent to seek a sentence that does not include parole eligibility. The State further represents that the district attorney has not filed a timely notice of such intent in Petitioner's case, which notice was required to have been filed within 90 days of August 1, 2017. Accordingly, in accordance with the referenced article, Petitioner's sentence to life imprisonment has now effectively been modified by operation of law to provide for parole eligibility "pursuant to R.S. 15:574.4(E)," which statute has also been amended to enumerate the conditions required for parole consideration in such instance. These conditions include that the offender has completed at least 25 years of his sentence, has not had any serious disciplinary violations for the 12-month period preceding his parole review, has completed a substance abuse program, has obtained a GED certification or completed another designated rehabilitative program, and has completed prerelease and reentry programs.

Based on the foregoing, the Court concludes that Petitioner's claim relative to his mandatory life-without-parole sentence has been rendered moot. Specifically, his mandatory life-without-parole sentence has been effectively modified by statute to provide for parole eligibility. Whereas such modification does not assure Petitioner an eventual release from confinement, the Court notes that the *Miller* decision does not require that a juvenile offender convicted of murder ever be allowed release in fact, only that a state's sentencing scheme not provide for mandatory life-without-parole sentences for such offenders, taking into account their youth and potential for rehabilitation. *Cf., Graham v. Florida*, 560 U.S. 48, 75 (2010) (addressing the imposition of life

sentences for juveniles convicted of non-homicide offenses and noting that "[a] State is not required to guarantee eventual freedom" but must provide "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation").  Having statutorily modified Petitioner's sentence in this case to provide for parole eligibility, the State has apparently complied with the requirements set forth in *Miller*.

Turning to a consideration of the second claim asserted by Petitioner in this proceeding, that his constitutional rights have been violated because his sentence imposed in 1977, calling for "imprisonment at hard labor for life without eligibility for parole … for a period of twenty years," was not complied with because he was denied parole eligibility after serving the requisite length of time, the Court concludes that this claim is not properly before the Court.  Specifically, as noted above, the decision of the Fifth Circuit that granted Petitioner authorization to proceed with his successive habeas corpus proceeding was "tentative" and was conditioned upon this Court's finding that Petitioner's claims meet the test for so proceeding.  *See* R. Doc. 4.  Undertaking this analysis, the Court concludes that Petitioner's claim in this regard does not meet this test.

Pursuant to 28 U.S.C. § 2244(b),

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

(A) The applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) The facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by

>clear and convincing evidence that, but for constitutional error,
>no reasonable factfinder would have found the applicant guilty
>of the underlying offense.

In seeking to proceed with the instant successive habeas corpus proceeding, Petitioner specifically invoked only subsection (b)(2)(A) above, *i.e.,* relative to a purported "new rule of constitutional law" that he perceived to be retroactive to cases on collateral review by way of *Miller v. Alabama*, *supra*.  *See* R. Doc. 1-2 at p. 1.   Further, in thereafter granting Petitioner "tentative" authorization to proceed herein, the Fifth Circuit made reference only to Petitioner's *Miller* claim and also specifically made reference only to subsection (b)(2)(A).   *See* R. Doc. 4.   Finally, as previously indicated, the Fifth Circuit has instructed this Court to "dismiss Perkins's § 2254 application, without reaching the merits, if it determines that Perkins has failed to satisfy the requirements for filing such an application."

This Court sees no arguable basis for finding that Petitioner's second claim asserted herein, relative to the alleged improper execution of his sentence imposed in 1977, satisfies the requirements set forth in 28 U.S.C. § 2244(b) for pursuing a successive habeas application. Specifically, this claim is not based on a new rule of constitutional law as required for the invocation of subsection (b)(2)(A), nor is there any arguable basis for a finding that the claim is based on underlying facts that were not known to or discoverable by Petitioner as required for the invocation of subsection (b)(2)(B).   To the contrary, Petitioner has long been aware that he was disallowed parole consideration in connection with his 1977 sentence, and it in fact appears that this claim was included in Petitioner's initial post-conviction relief application filed in 1989, which application was ultimately rejected in the state courts, with the Louisiana Supreme Court denying review in connection therewith in 1991.   Thus, this Court finds that Petitioner has failed to satisfy the requirements for presenting this claim in a second or successive application pursuant to 28

U.S.C. § 2244(b), and the claim should be summarily dismissed inasmuch as it is not properly before the Court.[1]

Based on the foregoing, the Court concludes that Petitioner's application for habeas corpus relief should be denied.

## Certificate Of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the Petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on substantive grounds, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005), *quoting Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim

---

[1] In addition to the foregoing, the Court would find Petitioner's claim to be without merit in any event. The Court has previously addressed – and dismissed as frivolous – similar claims asserted by prisoners subjected to sentences such as that imposed upon Petitioner. Specifically, the Court has concluded that the Louisiana statutory scheme in effect at the time of Petitioner's sentence provided for the possibility of parole consideration after twenty years but only if the sentence were subsequently commuted from life imprisonment to a term of years. *See, e.g., Rollins v. Louisiana Department of Corrections Officers*, 2014 WL 4928992 (M.D. La. Oct 1, 2014), *upheld,* 596 Fed. Appx. 329 (5th Cir. 2015). Thus, the execution of the sentence imposed in this case has been interpreted to be in keeping with the statutory scheme.

of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of the Petitioner's § 2254 application or the correctness of the substantive or procedural ruling. Accordingly, it is appropriate that, in the event that the Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

## RECOMMENDATION

It is recommended that Petitioner's application for habeas corpus be denied, and that this proceeding be dismissed, with prejudice. It is further recommended that, in the event that Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on February 28, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**